AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Apr 15 - 2026**

John M. Domurad, Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| v. ) | |
| DWAYNE HOKE ) | Case No.   1:26-MJ- 80   (PJE) |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant(s) ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 10, 2026 in the county of Schenectady in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C §§ 841(a)(1) & (b)(1)(B) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:
See accompanying affidavit, incorporated herein

☒    Continued on the attached sheet.

_____
Complainant's signature
DEA TFO Derek R. Barnholt

_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    April 15, 2026

_____
Judge's signature

City and State:    Albany, New York

Hon. Paul J. Evangelista, U.S. Magistrate Judge

_____
Printed name and title

**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

I, **Derek Barnholt**, being duly sworn, do hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.      I make this affidavit in support of criminal complaint charging Dwayne HOKE with intending to distribute a controlled substance (fentanyl), in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(B).

2.      I have been a Federal Task Force Officer of the Drug Enforcement Administration (DEA) since November 2020. I am also a law enforcement officer with the Johnstown Police Department (JPD) in Johnstown, New York, specifically I am a Detective assigned to the Detective Division, with over 9 years of service. I have received formal and informal training concerning drug investigations, federal law pertaining to drug offenses, report writing, drug identification, surveillance, and undercover operations.  During my tenure with the DEA and with JPD, I have participated in numerous narcotics investigations during the course of which I have conducted physical and electronic surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers.  Through my training, education, and experience (including debriefing cooperating drug traffickers and money launderers, monitoring wiretapped conversations of drug traffickers and money launderers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking and money laundering), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement.

3.      I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States

who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). This affidavit is intended to show merely that there is probable cause for the charges alleged in the complaint, and consequently it does not set forth all of my knowledge about the matters under investigation. Where statements of others are related in this affidavit, they are related in substance and in part. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Dwayne HOKE has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), by knowingly and intentionally intending to distribute over forty (40) grams or more of a fentanyl related substance.

### BASIS FOR PROBABLE CAUSE

4.      On April 10, 2026, a traffic stop was performed by the New York State Police ("NYSP)" on a motor vehicle operated by the Defendant, Dwayne HOKE, on Interstate-90 in the Town of Rotterdam, County of Schenectady in the Northern District of New York. Defendant's vehicle was traveling at approximately 83 miles per hour. HOKE, the only person in the car, was removed from the vehicle to conduct field sobriety testing. During the ensuing conversation, the NYSP obtained verbal consent from HOKE to search the vehicle.

5.      Before conducting the search, a drug-trained canine performed an exterior sniff of the motor vehicle and alerted on the vehicle, which, based on my training and experience, I know tends to suggest the presence of controlled substances. Based on the alert and HOKE's consent, law enforcement searched the trunk of the vehicle and discovered a clear plastic bag containing approximately 3,000 blue pills, inside of a larger green bag containing approximately $18,000 in U.S. currency. The NYSP performed a field test on the substance, which tested positive for fentanyl. The NYSP also weighed the drugs, which came back with a net weight of 452 grams. Based on my training an experience, and knowledge of the investigation, possession of such a

large quantity of drugs, combined with the large amount of cash, is consistent with an intent to distribute.

## CONCLUSION

6.      Based on the foregoing, there is probable cause to conclude that on April 10, 2026, HOKE intended to 40 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

Derek Barnholt
Task Force Officer
Drug Enforcement Administration

I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on April 15, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Paul J. Evangelista
United States Magistrate Judge